**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DEBRA CASH O/B/O HER MINOR SON B.C.**          **CIVIL ACTION**

**V.**                                                                              **NO: 24-2305**

**SHERIFF JOSEPH P. LOPINTO, III ET AL**          **SECTION C (4)**

**ORDER AND REASONS**

Presented is a <u>Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c) or, alternatively, for Summary Judgment Pursuant to Fed. R. Civ. P. 56</u> filed by defendant, Jefferson Parish Sheriff Joseph P. Lopinto, III (R. Doc. 11). Summary judgment is **GRANTED** and plaintiff's claims are **DISMISSED**, with prejudice.

**I.      BACKGROUND**

On September 21, 2023, B.C., fourteen-years-old, was waiting at a bus stop in Jefferson Parish with his seven-year-old sister.[1] B.C. had an outstanding arrest warrant for armed robbery.[2] Jefferson Parish deputies spotted B.C. and moved to arrest him.[3] B.C. fled on foot.[4] After a brief foot chase, deputies apprehended B.C.[5] He was additionally charged with resisting arrest by flight.[6]

At his detention hearing, B.C.'s attorney stipulated that probable cause existed for B.C's arrest for resisting arrest by flight.[7] On April 17, 2024, B.C. withdrew his not guilty plea and pled guilty to both armed robbery and resisting arrest by flight.[8]

---

[1]      R. Doc. 11-2 at 1.
[2]      R. Doc. 11-4.
[3]      R. Doc. 11-5 at 4.
[4]      R. Doc. 11-4.
[5]      R. Doc. 11-4.
[6]      R. Doc. 11-4; R. Doc. 11-5.
[7]      R. Doc. 11-6.
[8]      R. Doc. 11-6 at 28-30.

1

Plaintiff alleges that during the arrest, an unmarked JPSO Ford F250 truck struck B.C.[9] Plaintiff further alleges B.C. was not transported to a hospital for medical treatment until later that day, and only when she alerted Detective John Walsdorf that B.C. was in pain and needed medical attention.[10]

Plaintiff filed this action asserting (1) excessive force under 42 U.S.C. § 1983 and the Fourth Amendment (Count I), (2) excessive force under 42 U.S.C. § 1983 and the Fourteenth Amendment (Count II), *Monell* liability for failure to train, supervise, and discipline (Count III), *Monell* liability based on unconstitutional policies, patterns, or practices (Count IV), supplemental state law claims for assault and battery (Count V), supplemental state law claims for intentional infliction of emotional distress (Count VI), and a demand for punitive damages.[11]

The Sheriff has an official policy governing the use of force by JPSO deputies (the JPSO Standard Operating Procedure SOP-25), which expressly provides that "unnecessary force will not be tolerated."[12]

## II.     LEGAL STANDARD

Sheriff Lopinto moves to dismiss pursuant to Federal Rule of Civil Procedure 12(c) or, alternatively, for summary judgment pursuant to Federal Rule of Civil Procedure 56.[13] In support of the motion, the Sheriff attached exhibits that fall outside the pleadings, including the JPSO Arrest Report and Probable Cause Affidavit,[14] JPSO Crime Reports,[15] Jefferson Parish Juvenile Court records,[16] and the JPSO Standard Operating Procedure SOP-25.[17] Under Federal Rule of

---

[9]      R. Doc. 2 at 3.
[10]     R. Doc. 2 at 3.
[11]     R. Doc. 2.
[12]     R. Doc. 11-7 at 5.
[13]     R. Doc. 11.
[14]     R. Doc. 11-4.
[15]     R. Doc. 11-5.
[16]     R. Doc. 11-6.
[17]     R. Doc. 11-7.

Civil Procedure 12(d), when matters outside the pleadings are presented on a Rule 12(c) motion and not excluded by the court, "the motion must be treated as one for summary judgment under Rule 56."

The Court declines to exclude these exhibits, which are central to the disposition of plaintiff's claims. Accordingly, the motion is treated as a summary judgment motion. Rule 12(d) states that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Here, the discovery deadline has passed and both parties have had a full and reasonable opportunity to present all pertinent material: the Sheriff filed a supporting memorandum and exhibits (R. Doc. 11), the plaintiff filed a written opposition (styled <u>Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment</u>) (R. Doc. 15), and the Sheriff filed a reply (R. Doc. 16). Rule 12(d)'s notice requirement is satisfied.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could return a verdict for the nonmoving party. *Id.*

Once the movant makes an initial showing of no genuine dispute, the nonmovant must "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotations omitted). The nonmovant's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (internal quotations omitted).

In her opposition, plaintiff requests that summary judgment be denied or deferred pursuant to Federal Rule of Civil Procedure 56(d).[18] Rule 56(d) requires a party seeking deferral to support its request "by affidavit or declaration." Fed. R. Civ. P. 56(d). Here, plaintiff submitted no affidavit or declaration. Further, plaintiff failed to identify any facts she expects to discover or explain how additional discovery would create a genuine issue of material fact on any claim. *Raby v. Livingston*, 600 F.3d 552, 562 (5th Cir. 2010) (affirming denial of plaintiff's Rule 56(d) motion because he did "not indicate[] how any fact he hopes to discover" would present a genuine issue of material fact). A Rule 56(d) movant must do more than describe the rule's purpose in general terms; she must specify *what* she hopes to find and *why* it would be material. *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980) ("The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."). Having failed to meet that standard, plaintiff's Rule 56(d) deferral request is denied.

Pursuant to Local Rule 56.2, any opposition to a motion for summary judgment "must include a separate and concise statement of the material facts which the opponent contends present a genuine issue. All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement." Plaintiff admits facts one and three through eight of the Sheriff's statement of material facts.[19] As to fact two, plaintiff admits the statement "as written regarding the criminal charges," but designated it as "contested as written regarding the arresting officers' version of events surrounding the arrest of B.C."[20] Accordingly, all facts except fact two—the officers' narrative of the arrest—are deemed admitted.

---

[18]    R. Doc. 15 at 2-4.
[19]    R. Doc. 16.
[20]    R. Doc. 16 at 1.

III.     ANALYSIS

A.     **Count I: Excessive Force Under the Fourth Amendment**

Count I is asserted solely against unnamed Jefferson Parish Sheriff Officers in both their individual and official capacities.[21]

Plaintiff never amended her complaint to identify the unnamed officers. "Courts generally dismiss claims against [unnamed] defendants when plaintiffs cannot, or do not, amend the complaint to name the proper defendants and timely serve those defendants." *Pellerin v. Lafayette Consol. Gov't*, No. 6:20-CV-01380, 2023 WL 8814664, at *3 (W.D. La. Dec. 20, 2023); *Colle v. Brazos Cnty., Tex.*, 981 F.2d 237, 242-43 (5th Cir. 1993) (holding that "[p]laintiffs' failure to further identify or serve the 'unnamed [defendants]' after three years . . . [was] sufficient to warrant dismissal"). Here, plaintiff had two and a half years to amend her complaint and serve the unnamed officers.[22] Sheriff Lopinto filed his motion for summary judgment after the deadlines for discovery, joining parties, and amending the pleadings passed.[23] Despite the names of the JPSO officers involved in B.C.'s arrest being reflected in JPSO's reports and records, plaintiff never sought leave to amend the complaint to name the JPSO officer defendants.

Even if the officers were named, plaintiff's claim fails on the merits. To prevail on an excessive force claim under § 1983, "a plaintiff must show that he was seized and that he 'suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable.'" *Ballard v. Burton*, 444 F.3d 391, 402 (5th Cir. 2006) (quoting *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004)). Here,

---

[21]     R. Doc. 2 at 3-5.

[22]     Plaintiff's claims arise from an incident occurring on or about September 21, 2023. R. Doc. 2 at 2.

[23]     "Amendments to pleadings, third-party actions, crossclaims, and counterclaims shall be filed no later than February 28, 2025, in accordance with Local Rule 7.6." R. Doc. 8 at 1. Sheriff Lopinto filed for summary judgment on October 27, 2025. R. Doc. 11.

5

plaintiff's claim fails on the first element. Plaintiff presented no evidence B.C. sustained an injury. The Complaint is unverified. No affidavit, medical records, or other admissible evidence establish B.C. was injured by a vehicle. Absent evidence of injury, there is no genuine issue for the trier of fact. *See, e.g.*, *Hill v. Carroll Cnty.*, 587 F.3d 230, 234 (5th Cir. 2009).

Plaintiff contests "the arresting officers' version of events surrounding the arrest of B.C."[24] A contested designation, standing alone, is insufficient to create a genuine dispute of material fact. *See, e.g.*, *S.E.C. v. Recile*, 10 F.3d 1093, 1097 n.15 (5th Cir. 1993) ("[The defendant's] bald allegation of a factual dispute is insufficient, in itself, to create a genuine issue of material fact."). The nonmoving party must "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 308 (5th Cir. 2004). Here, plaintiff produced no evidence. Again, no affidavits, no medical records, no witness statements, and no other admissible evidence describing the circumstances of the arrest or establishing that officers struck B.C. with a vehicle were submitted. An unverified complaint and a naked "contested" designation do not satisfy the nonmovant's burden. *Liquid Air Corp.*, 37 F.3d at 1075. The Sheriff's version of events—that B.C. spotted the deputies, fled on foot, and struck an unmarked JPSO vehicle while resisting arrest—is uncontroverted.

Even viewing all reasonable inferences in plaintiff's favor, the uncontroverted record establishes EMS was called to the scene for B.C.'s sister.[25] Yet, B.C. never reported an injury to the responding deputies.[26] Plaintiff offered no competent evidence of injury, excessive force, or

---

[24]    R. Doc. 16 at 2.
[25]    R. Doc. 11-5 at 4.
[26]    R. Doc. 11-5 at 4.

objective unreasonableness. There is no genuine dispute of material fact. The Sheriff is entitled to judgment as a matter of law on Count I.

### B.  Count II: Excessive Force Under the Fourteenth Amendment

Count II asserts an excessive force claim under the Due Process Clause of the Fourteenth Amendment. It fails as a matter of law. The Fourth Amendment is the exclusive guide for analyzing excessive force claims against government officials. *Graham v. Conner*, 490 U.S. 386, 395 (1989) (holding that "*all* claims that law enforcement officers have used excessive force—deadly or not— during an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach"). Because B.C. was a free citizen being seized when the alleged force was applied, the Fourth Amendment governs exclusively, and the Fourteenth Amendment does not apply. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 452 (5th Cir. 1998) ("While the Fourth Amendment protects arrestees, once an arrest is complete, pretrial detainees are protected by the due process clause of the Fifth or Fourteenth Amendments.")

The Fourteenth Amendment governs claims arising from a plaintiff's treatment *after* he is detained. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) ("The constitutional rights of a pretrial detainee . . . flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment."). In her opposition, plaintiff suggests B.C. was denied timely and adequate medical attention.[27] However, plaintiff failed to plead deliberate indifference to serious medical needs under the Fourteenth Amendment in her complaint. Arguments raised for the first time in opposition briefing do not constitute pleadings. Fed. R. Civ. P. 7(a). To the extent plaintiff's opposition memorandum can be read to advance such a theory, it is not properly before the Court.

---

[27]      R. Doc. 15 at 6.

Even if properly pled, the claim would fail on the merits. To establish deliberate indifference to serious medical needs under the Fourteenth Amendment, a plaintiff must show "an officer acted with subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference." *Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 279 (5th Cir. 2015). The uncontested record establishes that, although EMS was requested for other reasons,[28] B.C. never reported an injury at the time of his arrest.[29] Plaintiff submitted no evidence that a deputy possessed subjective knowledge of B.C.'s alleged injuries, acted with deliberate indifference, or that any alleged delay resulted in "substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). No deliberate indifference claim can survive on this record.

### C.      Counts III and IV: *Monell* Claims

Count III asserts failure to train, supervise, and discipline, naming Sheriff Lopinto in both his individual and official capacity.[30]

As to the individual capacity claim against Sheriff Lopinto, there is no vicarious liability under § 1983. An official is liable only for his *own* misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). The complaint alleges Sheriff Lopinto "knew or should have known of Defendants' escalating encounters with the public" and failed to train and supervise accordingly.[31] Even taking the allegations as true, they do not establish a personal act by Sheriff

---

[28]      R. Doc. 11-5 at 4.
[29]      R. Doc. 11-5 at 4.
[30]      R. Doc. 2 at 5.
[31]      R. Doc. 2 at 5-6.

Lopinto that directly caused a constitutional deprivation, and plaintiff has produced no evidence in support.

The individual capacity claim against Sheriff Lopinto is also barred by qualified immunity. *See, e.g.*, *Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 252 (5th Cir. 2022) (holding that a plaintiff asserting a 1983 claim against a government official in his individual capacity must "point to evidence showing [that official]—as opposed to his subordinates—violated her constitutional rights").[32]

The official capacity claims against Sheriff Lopinto are, as a matter of law, *Monell* claims against Jefferson Parish and are analyzed under Count IV. *Graham*, 473 U.S. at 166.

Count IV (the *Monell* claim) is asserted against Sheriff Lopinto in his official capacity only.[33] This is a straightforward municipal liability claim against Jefferson Parish and fails for three reasons:

      *1.*    *Waiver.* First, plaintiff failed to meaningfully brief her *Monell* claims. Her response consists of a single paragraph that recites the legal standard, identifies no specific training deficiency, and attaches no evidentiary support. Failure to adequately brief an argument constitutes waiver of that argument. *See, e.g.*, *Marzett v. Gusman*, 839 F. App'x 893, 894 (5th Cir. 2021) (holding that because the plaintiff failed to brief certain claims, "any challenge to the dismissal of those claims is abandoned").

      *2.*    *No Underlying Constitutional Violation.* The *Monell* claims also fail because, as set forth above, no constitutional violation has been established. All claims for inadequate supervision, failure to train, and unconstitutional policy or practice fail in the absence

---

[32]    Because plaintiff did not amend her complaint to name or serve the other unnamed officers, only Sheriff Lopinto filed an answer asserting qualified immunity. R. Doc. 6 at 2.

[33]    R. Doc. 2 at 7.

of an underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (holding that *Monell* does not authorize "the award of damages against a municipal corporation based on the actions of one of its officers when . . . the officer inflicted no constitutional harm").

          ***3.    No Evidence of Unconstitutional Policy, Deliberate Indifference, or Causation.*** On the merits, plaintiff cannot meet the demanding standard for *Monell* liability. A plaintiff must demonstrate (1) an official policy or custom that is facially unconstitutional or adopted with deliberate indifference, (2) the policy was the "moving force" behind the constitutional deprivation, and (3) a direct causal link between the policy and the violation. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "An official policy is evinced by a widespread pattern or practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy or, occasionally, when an official with final policymaking authority ratifies a subordinate's unconstitutional conduct." *Martinez v. City of Rosenberg*, 123 F.4th 285, 289 (5th Cir. 2024). Here, plaintiff does not identify a deficient training program, does not identify a pattern of similar prior incidents establishing deliberate indifference, and fails to show a causal link between any alleged deficiency and B.C.'s arrest. To the contrary, the uncontested record establishes that the Sheriff's SOP-25 expressly prohibits unnecessary and unreasonable force, in compliance with constitutional standards.[34]

        Sheriff Lopinto is entitled to summary judgment on Counts III and IV.

**D.    Counts V and VI: Supplemental State Law Claims**

        The remaining claims—state law assault and battery (Count V) and intentional infliction of emotional distress (Count VI)—are before the Court solely by virtue of supplemental

---

[34]     *See* R. Doc. 11-7.

jurisdiction under 28 U.S.C. § 1367. Having dismissed all claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses them, without prejudice. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (reaffirming the district court "may decline to exercise supplemental jurisdiction . . . if the district court has dismissed all claims over which it has original jurisdiction") (internal quotations omitted).

### E.    Punitive Damages

Because the underlying claims fail, plaintiff's punitive damages claim is moot.

### IV.    CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(c), or, alternatively, for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (R. Doc. 11) is **GRANTED**. Plaintiff's federal claims (Counts I, II, III, IV, and the punitive damages claim) are DISMISSED, WITH PREJUDICE. Plaintiff's supplemental state law claims (Counts V and VI) are DISMISSED, WITHOUT PREJUDICE. Judgment shall be entered in favor of defendant Jefferson Parish Sheriff Joseph P. Lopinto, III, and against plaintiff, Debra Cash, on behalf of her minor son, B.C.

New Orleans, Louisiana, this 27th day of March, 2026.

_____
WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE

11